# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

BRION MARQUIS BROWN,

        Plaintiff,

    v.

TIFFANY BECKER,

        Defendants.

Case No. 3:22-CV-00237-SLG-MMS

## REPORT AND RECOMMENDATION REGARDING FIRST AMENDED COMPLAINT

On October 28, 2022, Brion Marquis Brown, a self-represented prisoner ("Plaintiff"), filed a Complaint for Violation of Civil Rights (Prisoner Complaint) and a Motion to Waive Prepayment of the Filing Fee.[1] On November 6, 2022, Plaintiff filed a handwritten complaint.[2] The Court screened the filings, found them deficient, but granted Plaintiff leave to file an amended Complaint on the Court's form or provide the Court with a Notice of Voluntary Dismissal.[3]

On January 9, 2023, Plaintiff filed an "Ex Parte Sealed Motion to Compel Records."[4] On January 17, 2023, Plaintiff filed a First Amended Complaint.[5] Then, on

---

[1] Dockets 1, 2.

[2] Docket 3.

[3] Docket 5.

[4] Docket 6.

[5] Docket 7.

January 31, 2023, Plaintiff filed an Additional Complaint and a "Civil Notice of Summary Judgment."[6] Plaintiff's pending motions were referred to this Court for dispositive recommendations. Dkt. 10.

The Court screens Plaintiff's recent filings in accordance with 28 U.S.C. §§ 1915(e) and 1915A. This Court hereby issues its Report and Recommendation regarding Plaintiff's motions. Dkt. 6; Dkt. 7; Dkt. 8; Dkt. 11; Dkt. 12.

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner. In this screening, a court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[7]

To determine whether a complaint states a valid claim for which relief may be granted, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[8] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the

---

[6] Docket 8-9.

[7] 28 U.S.C. § 1915A.

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

Case No. 3:22-cv-00237-SLG, *Brown v. Becker*
Page 2 of 9
Case 3:22-cv-00237-SLG-MMS   Document 14   Filed 05/12/23   Page 2 of 9

plaintiff the benefit of the doubt.[9] Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief."[10] While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[11] Allegations of civil violations supported by mere conclusory statements, do not suffice.[12] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13]

## DISCUSSION

The Court's first Screening Order explained Plaintiff's filings failed to state sufficient facts to support a claim under the 14th Amendment, 8th Amendment, Americans with Disabilities Act ("ADA") or Section 504 of the Rehabilitation Act ("Section 504").[14] Plaintiff's recent filings fail to cure the deficiencies laid out in the Screening Order. It is important to first note that it is unclear whether Plaintiff's filing at Docket 11 is meant to serve as a second amended complaint that replaces the first amended complaint, or whether this filing was made in further support of Plaintiff's first amended complaint. To the extent

---

[9] See *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[10] Fed.R.Civ.P. 8(a)(2).

[11] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

[12] *Id.*

[13] *Id.*

[14] Docket 5.

Docket 11 is intended to serve as the former, such a standalone motion needs to abide by Rule 56 of the Federal Rules of Civil Procedure. A party moving for summary judgment must identify "each claim or defense[] or the part of each claim or defense[] on which summary judgment is sought." Fed. R. Civ. P. 56(a). Liberal treatment of pro se motions does not altogether exempt compliance with relevant rules of procedure and substantive law. This Court, cognizant of the need to construe pro se filings liberally, will instead construe Plaintiff's filing at Docket 11 as raising additional arguments that relate to the merits of the first amended complaint.

### I. First Amended Complaint and Additional Complaint

Plaintiff brings suit against Mental Health Clinician Tiffany Becker ("Defendant Becker"). Plaintiff alleges Defendant has deprived him of mental health services and refused to admit him into the Echo mental health module at the Spring Creek Correctional Center. For relief, Plaintiff requests: (1) punitive damages up to $5,000[15]; (2) compensatory damages up to $17,000[16]; (3) an order requiring Defendant to move Plaintiff to Echo module[17]; and (4) a declaration that Plaintiff has outstanding untreated disabilities.[18]

---

[15] Docket 8 at 1.

[16] *Id.*

[17] Docket 7 at 8.

[18] *Id.*

## II. **<u>Inadequate Mental Health Care</u>**

As the Court previously explained, in order to state a claim under the Eighth Amendment for violations involving medical care, a prisoner must show that (1) the plaintiff has a serious medical need; (2) the defendant was deliberately indifferent to that medical need; and (3) the act or failure to act of the defendant caused harm to the plaintiff.[19]

Although Plaintiff broadly alleges he is not receiving appropriate mental health care, his allegations center around his insistence on being transferred to the mental health unit, Echo module. As the complaint stands, it is important to emphasize that neither the Eighth nor the Fourteenth Amendment endows prisoners with a right to be housed in a particular part of a jail or prison, or with a particular inmate. *See Meachum*, 427 U.S. at 224–25 (no liberty interest in placement in particular facility); *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983) (no constitutionally protected right to be housed in the institution of one's choice).

This Court also notes that Plaintiff's proffered exhibits show a diagnosis of an Intermittent Explosive Disorder, which cuts against Plaintiff's argument that he may not have been diagnosed with the disorder. Plaintiff's issue, instead, is that he disagrees with defendant's refusal to diagnose a "traumatic brain injury." In this same document, Plaintiff mentions that he takes psychiatric medication twice a day to counter his mental disorders, and has an appointment every four months. On this complaint, the plaintiff shows that his medical needs are not left unattended. In other words, Plaintiff has not factually demonstrated a serious medical need that is not otherwise being treated with the current

---

[19] *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).

medication plan. The amended complaint, for example, does not elaborate on symptoms that occur as a result of the purported brain traumatic injury, nor does he state whether the purported denial or the every-four-month-appointment worsen the claimed injury.

As pled, Plaintiff has not provided sufficient plausible factual details to support a claim of inadequate medical care under the Eighth Amendment.

This Court makes a final comment. Plaintiff's amended complaint has not addressed the Court's previous guidance on ADA and Section 504. He does not add the appropriate defendant for this type of claim, nor provide any allegations to support it. This Court again recommends that Plaintiff address these issues as described in the Court's previous order.

### III. Motion to Compel Records

At Docket 6, Plaintiff filed a "Ex Parte Motion to Compel Records Information." This filing is procedurally incorrect. As an initial matter, discovery, let alone a sealed request, does not occur in every case, and does not begin unless a scheduling order is issued. If the Court finds that plausible claims exist in the filings, then the case can proceed to the next stage of litigation. Because no operative claims exist at this point, discovery is premature. Plaintiff must cure the deficiencies laid out in this Report and Recommendation and the Court's previous order before the Court can consider the discovery motion on the merits.

For the foregoing reasons, Plaintiff's Motion at Docket 6 is DENIED without prejudice.

Until a third screening order has been issued, the Court discourages the filing of any motions or documents with the court.

# CONCLUSION

Plaintiff has failed to plead sufficient plausible facts to meet the requirements of Rule 8 of Federal Civil Procedure or a civil rights action under 42 U.S.C. § 1983. The Court recommends granting Plaintiff one additional opportunity to file an amended complaint in accordance with the guidance provided above and in the previous Court Order.

**IT IS THEREFORE RECOMMENDED:**

1. The Complaints at Docket 1, 7, and 8, are DISMISSED without prejudice for failing to state a claim upon which relief may be granted. The Court recommends granting leave to amend.

2. The motions at Docket 6, 11, and 12, are DENIED without prejudice as premature.

3. Plaintiff is accorded until **June 12, 2023** to file **one of the following**:

    a. <u>Second Amended Complaint</u>, in which Plaintiff restates his claims to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order. An amended complaint replaces the prior complaints in its entirety.[20] Plaintiff need not supply legal research, only the facts that he alleges in support of an amended complaint. Plaintiff must include all of the claims he seeks to bring in an amended complaint. Any claims not included in the amended

---

[20] *See* Fed. R. Civ. P. 15 and Local Civil Rule 15.1.

complaint will be considered waived. Any exhibits attached to the amended complaint should be submitted without alteration by Plaintiff; **OR**

    b.    <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

4. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form by **June 12, 2023,** this case may be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff. This dismissal would count as a "strike" against Plaintiff under § 1915(g).[21] A voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

5. At all times, Plaintiff must keep the Court informed of any change of address. Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS." This notice must not include any requests for any other relief, and it must be served on any Defendant's attorney who makes an appearance in this case. Failure to file a notice of change of address may result in the dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure without further notice to Plaintiff.

6. Each litigant is responsible for keeping a copy of each document filed with the Court. When a litigant mails a document to the Court, the Court will mail to the litigant a Notice of Electronic Filing ("NEF") that will indicate when that document

---

[21] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

was filed on the docket and the docket number of the document. Copies of documents that have been filed with the Court may be obtained from the Clerk's Office for $0.50 per page, In the event of special circumstances or serious financial need, a party may file a motion asking for the cost of copies to be waived or reduced.

7. The Clerk of Court is directed to send Plaintiff the following forms with this Order: (1) form PS01, with "SECOND AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; and (4) the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT."

DATED this 12th day of May 2023, at Anchorage, Alaska.

*s/ Matthew M. Scoble*
CHIEF U.S. MAGISTRATE JUDGE

Pursuant to D. Alaska Loc. Mag. R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than the CLOSE OF BUSINESS on May 26, 2023. Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. Miranda v. Anchondo, et al., 684 F.3d 844 (9th Cir. 2012). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation. United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed five (5) pages in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before the CLOSE OF BUSINESS on June 2, 2023. The parties shall otherwise comply with provisions of D. Alaska Loc. Mag. R. 6(a). Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).

Case No. 3:22-cv-00237-SLG, *Brown v. Becker*
Page 9 of 9
Case 3:22-cv-00237-SLG-MMS   Document 14   Filed 05/12/23   Page 9 of 9